UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1-186,<br><br>　　　　Defendants. | Case No. C-11-03310 JCS<br><br>**ORDER SEVERING AND DISMISSING DOE DEFENDANTS 2-186** |

In its previous Order, the Court denied Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery and issued an Order to Show Cause ("the Order to Show Cause") why the Court should not sever all but Doe 1 from this action and dismiss without prejudice the claims against Doe Defendants 2-186. Plaintiff filed a response on September 30, 2011 ("Response"). Having considered the arguments raised by Plaintiff in its Response, the Court finds that joinder of the Doe Defendants is improper under Rule 20(a) and unmanageable under Rule 20(b) of the Federal Rules of Civil Procedure and therefore severs and dismisses without prejudice all claims asserted by Plaintiff against Does 2-186. The **Show Cause Hearing** scheduled for **October 21, 2011 at 1:30 p.m. is vacated**. The **Case Management Conference** scheduled for the same time shall **remain on calendar**.

　　First, the majority of the arguments raised in Plaintiff's Response were addressed in the Court's order in Case No. C-11-01566, Docket No. 26 ("the August 23 Order"). As the Court explained in the Order to Show Cause, in that order it "concluded that Doe Defendants who are joined in a single action on the basis that all of them used the BitTorrent protocol to illegally download a protected work are improperly joined, even if all of the Doe Defendants participated in a single 'swarm.'" To the extent that some judges in this district have reasoned that joinder may be proper where the plaintiff alleges that all of the Doe Defendants participated in the same "swarm," the undersigned disagrees for the reasons stated in the Court's August 23 Order.

Second, the Court rejects Plaintiff's argument that joinder should be permitted, at least at this early stage of the case, because a determination as to whether joinder is proper should not be made until *after* the Doe Defendants have been identified, which requires discovery. This argument was not raised in Case No. 11-01566 and therefore was not addressed in the Court's August 23 Order. As a preliminary matter, Plaintiff has not cited any authority in support of its contention that a court should not address whether joinder is proper until the Doe Defendants have been identified.

More importantly, even if there are multiple IP addresses associated with a single individual, as Plaintiff suggests may be the case, Plaintiff's allegations are not sufficient to show that the remaining defendants – of whom there are still likely to be many – participated in a single transaction that meets the requirements of Rule 20(a). Nor does the potential reduction in the number of defendants alleviate the Court's concerns under Rule 20(b) relating to the logistical difficulties of conducting proceedings involving multiple defendants with diverse defenses. Plaintiff apparently had a good faith basis for naming 186 Does as defendants in this action, whether or not multiple IP addresses may belong to a single individual. Having named 186 Does as defendants, the possibility that the number might be reduced somewhat after discovery does not persuade the Court that joinder is proper under Rule 20(a) or advisable under Rule 20(b).

Finally, though Plaintiff represents that the Court can address joinder at a later stage of the case, when more information about the Doe Defendants has been obtained, Plaintiff is unlikely to reach that point because, as experience shows, the discovery that is required to identify the Doe Defendants goes far beyond the expedited discovery to obtain subscriber information that has already been requested. As Plaintiff's counsel conceded in a similar case in this district, in order to "fully identify" the Doe Defendants, Plaintiff would be required to inspect each subscriber's "electronically stored information and tangible things, such as [the s]ubscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent." *See Boy Racer, Inc. v. Does 1-52*, Northern District of California, Case No. 11-2329, Docket No. 17 (Order Denying Further Discovery) at 4. In that case, Judge Grewal denied the plaintiff's request for further discovery. Similarly, it is highly unlikely that the undersigned would

permit such extensive and invasive discovery of non-parties to determine the identity of the Doe Defendants.

Accordingly, the Court severs and dismisses without prejudice all claims asserted by Plaintiff against Does 2-186.

IT IS SO ORDERED.

Dated: October 14, 2011

JOSEPH C. SPERO
United States Magistrate Judge

3